1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, a minor, LaDELL GRIZZELL, and MARY AUSTIN,<br><br>                              Plaintiffs,<br><br>v.<br><br>EDUCATIONAL ENRICHMENT SYSTEMS, INC. et al.,<br><br>                              Defendants. | Case No.:  15cv2628-MMA (MDD)<br><br>**ORDER DENYING MOTIONS TO PROCEED *IN FORMA PAUPERIS***<br><br>[Doc. Nos.  4, 5, 6] |

On November 23, 2015, Plaintiffs LaDell Grizzell and Mary Austin, proceeding pro se, filed this action on behalf of Plaintiff Grizzell's son, John Doe, against Defendants Educational Enrichment Systems, Inc., and Robin Layton, Celine Krimston, Sarah Hernandez, Maria-Elena Gomez, Alicia Astroth, Carolina Castillo, in their official and individual capacities, alleging violations of Title IX, 20 U.S.C. § 1681 et seq. and the Fourteenth Amendment to the United States Constitution, among other causes of action. The Complaint indicates that Plaintiffs Grizzell and Austin wish to assert causes of action for defamation on their own behalves as well.  Plaintiffs filed a single motion to proceed *in forma pauperis* ("IFP"), which was denied on November 24, 2015.  [Doc. No. 2.]  On December 9, 2015, Plaintiffs LaDell Grizzell and Mary Austin filed separate, renewed motions to proceed IFP, and Plaintiff Grizzell filed a motion to proceed IFP on behalf of her son, John Doe.  [Doc. Nos.  4, 5, 6.]

## DISCUSSION

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed *in forma pauperis* is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). A party need not be completely destitute to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). But "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). Further, although only one filing fee is required per case, where there are multiple plaintiffs, a court may consider the availability of funds from each of the plaintiffs in determining whether to grant IFP status. *See Nur v. Blake Development Corp.*, 664 F. Supp. 430, 431 (N.D. Ind. 1987).

Plaintiff Grizzell states that she is unemployed and in between housing. She states that she does not receive any income, aside from "workmens comp." However, she does not indicate the amount of workers compensation she receives or the frequency of any such payments. Her only asset is a car—a 2002 Lexus. She does not list its value, as required by the IFP application form. Plaintiff Grizzell indicates that she has three children that rely on her for support, but states that she does not spend any money on herself or her children. The Court finds that Plaintiff Grizzell's IFP form is functionally incomplete. Plaintiff Grizzell must inform the Court of the value of her car and how she is obtaining sustenance for herself and her children.

Plaintiff Austin states that she is unemployed and homeless. Plaintiff Austin has received an average of 647.07 dollars in social security payments per month in the past twelve months. She has three dependent, minor children. Her family's average monthly

expenses total 645.00 dollars.  She currently has two dollars in her bank account.  She indicates that she is married, but does not live with her spouse.  She does not provide information regarding her spouse's finances, as required by the IFP application form.  Also, she does not indicate what income she expects next month, as is required.  Plaintiff Austin must answer the questions on the form regarding her expected future income and her spouse's income.  She must inform the Court as to whether she is receiving any alimony or child support payments from her spouse.

As for John Doe, he is a minor and is not suing on his own behalf.  As such, John Doe does not need to file a motion for IFP.

Based on the foregoing, the Court concludes it lacks sufficient information to determine whether it is outside of Plaintiff Grizzell's and Plaintiff Austin's means to pay the costs of commencing this action.  Accordingly, the Court **DENIES without prejudice** Plaintiffs' motions to proceed IFP.  [Doc. Nos. 4, 5, 6.]; *see* Civ. L.R. 3.2.  Within **fourteen days** of the date of this Order, Plaintiffs shall either: (a) pay the requisite $400 filing fee, or (b) file renewed motions for IFP containing the requisite information regarding their ability to pay the costs of commencing this action.  If Plaintiffs fail to timely submit payment or a renewed motion for IFP, this case shall be dismissed.


**IT IS SO ORDERED.**


Dated:  December 30, 2015

Hon. Michael M. Anello
United States District Judge